STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND (State Bar No. 83013)
LISA M. SIMONETTI (State Bar No. 165996)
KRISTINA A. DEL VECCHIO (State Bar No. 283782)
2029 Century Park East
Los Angeles, CA  90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959
Email: *lacalendar@stroock.com*

Attorneys for Defendant
  AMERICAN EXPRESS CENTURION BANK

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANDEREGG, | Case No. 3:12-cv-06078-NC |
| Plaintiff, | [Assigned to the Hon. Nathanael Cousins] |
| vs. | |
| AMERICAN EXPRESS CENTURION BANK; AND DOES 1-20 INCLUSIVE, | **ANSWER OF DEFENDANT AMERICAN EXPRESS CENTURION BANK TO COMPLAINT FOR DAMAGES** |
| Defendants. | |

LA 51606579v2

Defendant American Express Centurion Bank ("AECB") hereby responds to Michael Anderegg's ("Plaintiff") Complaint for Damages filed on October 17, 2012 as follows:

**INTRODUCTION**

1. Answering Paragraph 1 of the Complaint, AECB states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, AECB states that Cal. Civ. Code §§ 1788.1 (a)-(b) speaks for itself and AECB denies any allegations that are inconsistent therewith.

2. Answering Paragraph 2 of the Complaint, AECB admits that Plaintiff purports to bring this action for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), and for purportedly invading Plaintiff's privacy. Except as expressly admitted, AECB denies each and every allegation set forth in Paragraph 2.

3. Answering Paragraph 3 of the Complaint, AECB admits that Plaintiff's Complaint purports to allege violations of the statutes cited in their entirety. Except as expressly admitted, AECB denies each and every allegation set forth in Paragraph 3.

4. Answering Paragraph 4 of the Complaint, AECB denies each and every allegation contained therein.

5. Answering Paragraph 5 of the Complaint, AECB denies each and every allegation contained therein.

6. Answering Paragraph 6 of the Complaint, AECB admits that Plaintiff purports to state that his use of AECB's name in his Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of AECB. Except as expressly admitted, AECB denies each and every allegation set forth in Paragraph 6.

**PARTIES**

7. Answering Paragraph 7 of the Complaint, AECB states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, AECB

LA 51606579v2

states that Cal. Civ. Code §§ 1788.2(h) speaks for itself and AECB denies any allegations that are inconsistent therewith. AECB otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained in Paragraph 7.

8. Answering Paragraph 8 of the Complaint, AECB lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained in Paragraph 8.

9. Answering Paragraph 9 of the Complaint, AECB admits that it is a corporation headquartered in Salt Lake City, Utah.

10. Answering Paragraph 10 of the Complaint, AECB states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, AECB states that Cal. Civ. Code §§ 1788.2(b)-(c) speaks for itself and AECB denies any allegations that are inconsistent therewith. AECB otherwise denies each and every allegation set forth in Paragraph 10.

11. Answering Paragraph 11 of the Complaint, AECB admits that it is a Utah corporation and that it conducts business in the State of California, and further states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, AECB states that 47 U.S.C. § 153 speaks for itself and AECB denies any allegations that are inconsistent therewith. Except as expressly admitted, AECB denies each and every allegation set forth in Paragraph 11.

12. Answering Paragraph 12 of the Complaint, AECB admits that this case involves money, property or their equivalent, due or owing or alleged to be due or owing from Plaintiff by reason of a consumer credit transaction, and further states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, AECB states that Cal. Civ. Code § 1788.2(f) speaks for itself and AECB denies any allegations that are inconsistent

LA 51606579v2

therewith.  Except as expressly admitted, AECB denies each and every allegation set forth in Paragraph 12.

13.     Answering Paragraph 13 of the Complaint, AECB lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained in Paragraph 13.

14.     Answering Paragraph 14 of the Complaint, AECB lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained in Paragraph 14.

## JURISDICTION AND VENUE

15.     Answering Paragraph 15 of the Complaint, AECB admits that jurisdiction is proper in this Court.  Except as expressly admitted, AECB denies each and every allegation set forth in Paragraph 15.

16.     Answering Paragraph 16 of the Complaint, AECB admits that Plaintiff purports to bring this action for violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788-1788.32 ("RFDCPA"), the TCPA and purported invasion of Plaintiff's privacy under California Penal Code § 630, et seq.  Except as expressly admitted, AECB denies each and every allegation set forth in Paragraph 16.

17.     Answering Paragraph 17 of the Complaint, AECB admits that it does business in California and does not challenge personal jurisdiction.

18.     Answering Paragraph 18 of the Complaint, AECB admits that venue is proper in this Court.  Except as expressly admitted, AECB denies each and every allegation set forth in Paragraph 18.

## FACTUAL ALLEGATIONS

19.     Answering Paragraph 19 of the Complaint, AECB lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained in Paragraph 19.

- 3 -

ANSWER OF DEFENDANT AMERICAN EXPRESS CENTURION BANK TO COMPLAINT FOR DAMAGES
Case No. 3:12-cv-06078-NC

LA 51606579v2

20. Answering Paragraph 20 of the Complaint, AECB admits that it conducts business in California. Except as expressly admitted, AECB denies each and every allegation set forth in Paragraph 20.

21. Answering Paragraph 21 of the Complaint, AECB admits that, at some time prior to July 2010, Plaintiff incurred financial obligations to AECB, and further states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, AECB states that Cal. Civ. Code §§ 1788.2(d)-(f) speaks for itself and AECB denies any allegations that are inconsistent therewith. Except as expressly admitted, AECB denies each and every allegation set forth in Paragraph 21.

22. Answering Paragraph 22 of the Complaint, AECB admits that, at some time prior to July 2010, Plaintiff "fell behind" on the payments owed on such debt. Except as expressly admitted, AECB lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained in Paragraph 22.

23. Answering Paragraph 23 of the Complaint, AECB admits that, at some time prior to July 2010, AECB began attempts to collect the debt from Plaintiff. Except as expressly admitted, AECB denies each and every allegation set forth in Paragraph 23.

24. Answering Paragraph 24 of the Complaint, AECB denies each and every allegation contained therein.

25. Answering Paragraph 25 of the Complaint, AECB lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained in Paragraph 25.

26. Answering Paragraph 26 of the Complaint, AECB denies each and every allegation contained therein.

27. Answering Paragraph 27 of the Complaint, AECB denies each and every allegation contained therein, and further states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, AECB states that 15 U.S.C. § 1692c(c)

LA 51606579v2

and Cal. Civ. Code § 1788.17 speak for themselves and AECB denies any allegations that are inconsistent therewith.

28. Answering Paragraph 28 of the Complaint, states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, AECB states that 47 U.S.C. § 227(a)(1) speaks for itself and AECB denies any allegations that are inconsistent therewith.

29. Answering Paragraph 29 of the Complaint, AECB denies each and every allegation contained therein, and further states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, AECB states that 47 U.S.C. § 227(b)(1)(A)(iii) speaks for itself and AECB denies any allegations that are inconsistent therewith.

30. Answering Paragraph 30 of the Complaint, AECB admits that to the extent any calls were made, they were not for emergency purposes. Except as expressly admitted, AECB denies each and every allegation contained in Paragraph 30.

31. Answering Paragraph 31 of the Complaint, AECB denies each and every allegation contained therein, and further states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, AECB states that 47 U.S.C. § 227(b)(1)(A) speaks for itself and AECB denies any allegations that are inconsistent therewith.

32. Answering Paragraph 32 of the Complaint, AECB lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained in Paragraph 32.

33. Answering Paragraph 33 of the Complaint, AECB lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained in Paragraph 33.

34. Answering Paragraph 34 of the Complaint, AECB denies each and every allegation contained therein, and further states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, AECB states that 15 U.S.C. § 1692c(c)

1 and Cal. Civ. Code § 1788.17 speak for themselves and AECB denies any allegations that are
2 inconsistent therewith.

### FIRST CAUSE OF ACTION

Violation of the RFDCPA Cal. Civ. Code §§ 1788-1788.32

(Against All Defendants)

6   35.   Answering Paragraph 35 of the Complaint, AECB incorporates its responses to the
7 allegations in Paragraphs 1 through 34, inclusive, as if fully set forth herein.

8   36.   Answering Paragraph 36 of the Complaint, AECB denies each and every allegation
9 contained therein.

10   37.   Answering Paragraph 37 of the Complaint, AECB denies each and every allegation
11 contained therein.

### SECOND CAUSE OF ACTION

Negligent Violations of the Telephone Consumer Protection Act

47 U.S.C. § 227 et seq.

(Against All Defendants)

16   38.   Answering Paragraph 38 of the Complaint, AECB incorporates its responses to the
17 allegations in Paragraphs 1 through 35, inclusive, as if fully set forth herein.

18   39.   Answering Paragraph 39 of the Complaint, AECB denies each and every allegation
19 contained therein.

20   40.   Answering Paragraph 40 of the Complaint, AECB denies each and every allegation
21 contained therein.

### THIRD CAUSE OF ACTION

Knowing and/or Willful Violations of the Telephone Consumer Protection Act

47 U.S.C. § 227 et seq.

(Against All Defendants)

LA 51606579v2

41. Answering Paragraph 41 of the Complaint, AECB incorporates its responses to the allegations in Paragraphs 1 through 38, inclusive, as if fully set forth herein

42. Answering Paragraph 42 of the Complaint, AECB denies each and every allegation contained therein.

43. Answering Paragraph 43 of the Complaint, AECB denies each and every allegation contained therein.

**PRAYER FOR RELIEF**

44. Answering Plaintiff's Prayer for Relief as set forth in Paragraph 44 of Page 8 of the Complaint, AECB denies that Plaintiff is entitled to any relief whatsoever against AECB.

**REQUEST FOR JURY TRIAL**

45. Answering Plaintiff's request for a trial by jury, AECB admits that Plaintiff demands a trial by jury.

- 7 -
ANSWER OF DEFENDANT AMERICAN EXPRESS CENTURION BANK TO COMPLAINT FOR DAMAGES
Case No. 3:12-cv-06078-NC
LA 51606579v2

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiff, AECB asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

### (Failure To State A Claim)

The Complaint fails to set forth facts sufficient to state a claim against AECB.

### SECOND AFFIRMATIVE DEFENSE

### (Consent)

AECB is informed and believes, and on that basis alleges, that Plaintiff is barred, in whole or in part, from maintaining his alleged causes of action because he provided "prior express consent" within the meaning of the TCPA, 47 U.S.C. §227(b)(1)(A), for all calls allegedly placed to his cell phone by any alleged automatic telephone dialing system. Additionally, by Plaintiff's own conduct, acts, omissions, contractual promises and agreements, Plaintiff consented to and acquiesced in AECB's alleged conduct.

### THIRD AFFIRMATIVE DEFENSE

### (Ratification)

Plaintiff has ratified the conduct alleged in the Complaint and therefore is barred from recovery against AECB.

### FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

The Complaint is barred by the conduct, actions and inactions of Plaintiff, which amount to and constitute a waiver of any right or rights that Plaintiff may have, in relation to the matters alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

The Complaint is barred by the conduct, actions and inactions of Plaintiff which amount to and constitute an estoppel of the claims and any relief sought thereby.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff unreasonably has delayed taking action in connection with the alleged claims, causing substantial prejudice to AECB, and such claims therefore are barred pursuant to the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Although AECB denies that Plaintiff has suffered any harm as alleged in the Complaint, to the extent that Plaintiff has suffered harm, Plaintiff has failed to mitigate that harm.

## EIGHTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The claims alleged by Plaintiff, as set forth in the Complaint, are barred by the applicable statutes of limitations, including, but not limited to, Civil Code section 1788.30(f).

## NINTH AFFIRMATIVE DEFENSE

### (Setoff)

The claims of Plaintiff are subject to setoff and/or recoupment in the amount of $4,217.52 (plus any accruing interest and fees) due on Plaintiff's account with AECB.

## TENTH AFFIRMATIVE DEFENSE

### (Not Knowing Or Willful)

Plaintiff is precluded from any recovery from AECB for a willful and knowing violation of the TCPA because any such violation (which AECB denies occurred) would not have been willful or knowing.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Arbitration)

AECB asserts that, upon information and belief, arbitration may be the appropriate venue for Plaintiff's claims, as AECB may possess certain arbitration rights based on the agreement entered into by Plaintiff, and this matter may be precluded from proceeding within the United States District Court.

### TWELFTH AFFIRMATIVE DEFENSE

### (Due Process)

The imposition of liability and/or statutory damages under the TCPA as sought in the Complaint would violate provisions of the United States Constitution, including the Due Process Clause.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Bona Fide Error)

AECB may not be held liable in any action brought under the Rosenthal Act, as any alleged violations of the Rosenthal Act that were committed by AECB, which AECB denies, were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid any such error.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Res Judicata)

The claims alleged by Plaintiff, as set forth in the Complaint, are barred in whole or in part by res judicata.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

AECB expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

LA 51606579v2

## **PRAYER**

**WHEREFORE,** Defendants pray as follows:

1. That Plaintiff's Complaint be dismissed with prejudice;

2. That Plaintiff take nothing by virtue of this action;

3. For judgment to be entered against Plaintiff and in favor of AECB;

4. That AECB be awarded its attorneys' fees and costs incurred in this action, and any other amounts recoverable under law; and

5. That this Court grant AECB such other relief as the Court may deem just and proper.

Dated: December 17, 2012

Respectfully submitted,

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
LISA M. SIMONETTI
KRISTINA A. DEL VECCHIO

By: */s/ Kristina A. Del Vecchio*
      Kristina A. Del Vecchio

Attorneys for Defendant
   AMERICAN EXPRESS CENTURION BANK

LA 51606579v2

## **CERTIFICATE OF SERVICE**

I hereby certify that, on December 17, 2012, copies of the foregoing **ANSWER OF DEFENDANT AMERICAN EXPRESS CENTURION BANK TO COMPLAINT FOR DAMAGES** were filed electronically and served by U.S. Mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by facsimile to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

By: _____*/s/ Kristina A. Del Vecchio*_____

- 12 -

ANSWER OF DEFENDANT AMERICAN EXPRESS CENTURION
BANK TO COMPLAINT FOR DAMAGES
Case No. 3:12-cv-06078-NC

LA 51606579v2